UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYDD D.J. IRVING, | No. 2:15-cv-2037 AC P |
| Petitioner, | |
| v. | ORDER |
| DAVE DAVEY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 5.

I.   Request to Proceed In Forma Pauperis

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. ECF No. 6. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

II.   Petition

The petition identifies two distinct state court cases, Sacramento Superior Court Case Nos. 01F04127 and 10F01569, but identifies only one date for the conviction. ECF No. 1 at 1. It

1

appears that petitioner may be attempting to challenge more than one judgment of conviction in a single federal habeas petition but has failed to provide all of the required information for each conviction and has not separately stated his grounds for relief. Id. at 1-5. Moreover, the petition indicates (id. at 1-2), and the court's records confirm, that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence in Case No. 01F04127. The previous petition was filed on August 11, 2005, and was denied on the merits on August 8, 2008. Irving v. People of the State of California, No. 2:05-cv-01621 LKK CMK, ECF Nos. 1, 60, 67. This court takes judicial notice of the record in that proceeding. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).

To the extent the instant petition seeks to pursue new grounds for relief related to Sacramento Superior Court Case No. 01F04127, the petition is second or successive and before petitioner can proceed on those claims, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Petitioner has not provided any evidence that he has sought and received the

required authorization.  The petition also does not appear to provide the required state court exhaustion information for Case No. 10F01569 and combines the grounds for relief for both convictions rather than stating them separately.

For these reasons, the petition will be dismissed with leave to amend.  If petitioner intends to reassert his grounds for relief as to Case No. 01F04127 in the amended petition, he must attach a copy of the Ninth Circuit order authorizing this court to consider the claims to the petition.  Failure to include a copy of the required authorization order will result in the claims related to Case No. 01F04127 being dismissed without prejudice to re-filing upon obtaining the required authorization.  If the amended petition continues to seek relief from both convictions, petitioner must provide the state court exhaustion information for both convictions and separately state his grounds for relief.

### III. Summary

It looks like petitioner is trying to challenge his convictions in two different state court cases but he has not provided the required information for both cases and has combined his claims instead of stating the claims for each conviction separately.  Petitioner is also trying to challenge the conviction in Sacramento County Court Case No. 01F04127, which he already tried to challenge in federal court in Irving v. People of the State of California, No. 2:05-cv-01621 LKK CMK.  Petitioner cannot bring a second petition challenging the same conviction without an order from the Ninth Circuit allowing this court to consider the claims.

The petition will be dismissed with leave to amend.  If petitioner wants to challenge his convictions in both Case No. 01F04127 and Case No. 10F01569, he must provide the required information regarding state court exhaustion for both convictions and the claims for each conviction must be stated separately.  For example, if petitioner has an ineffective assistance of counsel claim for both convictions, he must explain them in separate sections because the facts will be different for each case.  If petitioner wants to include claims related to his conviction in Case No. 01F04127, he must attach a copy of the Ninth Circuit order allowing this court to consider the claims or they will be dismissed.  If petitioner has not gotten an order from the Ninth Circuit allowing him to bring another petition related to the conviction in Case No. 01F04127,

then the amended petition should not make any claims about that conviction and should only state claims related to the conviction in Case No. 10F01569.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 6) is granted; and

2. Petitioner's application for writ of habeas corpus (ECF No. 1) is dismissed with leave to amend. Petitioner shall have thirty days from service of this order to file an amended petition. The amended petition must comply with the instructions outlined above.

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: April 12, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE