UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYDD D.J. IRVING,<br><br>        Petitioner,<br><br>  v.<br><br>DAVE DAVEY,<br><br>        Respondent. | No.  2:15-cv-2037 AC P<br><br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Currently before the court are petitioner's motions for appointment of counsel (ECF No. 23) and for an extension of time to file an amended petition (ECF No. 22).

      This is petitioner's second request for the appointment of counsel.  See ECF No. 15. There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  As he was previously advised, petitioner has not yet stated any grounds for relief and is being given an opportunity to amend the petition to correct this omission.  In the absence of cognizable claims, the court cannot determine whether appointment of counsel might be appropriate.  Petitioner asserts that he requires counsel because

1

he suffers from borderline personality disorder. ECF No. 23 at 1. However, he provides no records verifying that he has been diagnosed with and is being treated for this condition. Nor does he offer any evidence of how this condition affects his ability to proceed without the assistance of counsel. The fact that petitioner may be diagnosed with or receiving treatment for a mental health condition, without more, does not warrant appointment of counsel. The motion will therefore be denied without prejudice. Any future motion for appointment of counsel based on petitioner's mental health must include evidence of petitioner's diagnosis and how it prevents him from representing himself. Petitioner is cautioned, however, that a showing of mental impairment will not entitle him to appointed counsel in the absence of viable claims for relief.

Petitioner has filed a third request for an unspecified extension of his time to file an amended petition. ECF No. 22. Petitioner states that he has been denied library access on three separate occasions since the last extension he was granted. Id. The court will grant petitioner an additional thirty days to file an amended petition. Petitioner is once again reminded that any further requests for extension **should identify how much time petitioner is seeking** and why the requested amount of time is necessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for appointment of counsel (ECF No. 23) is denied without prejudice.

2. Petitioner's third request for an extension of time to file an amended petition (ECF No. 22) is granted, and petitioner shall have thirty days from service of this order to file an amended petition.

DATED: September 21, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE