UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYDD D.J. IRVING,<br><br>    Petitioner,<br><br>    v.<br><br>DAVE DAVEY,<br><br>    Respondent. | No. 2:15-cv-2037 AC P<br><br><br>ORDER |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 5. Also before the court are petitioner's numerous "status reports' regarding his conditions of confinement. ECF Nos. 26-35.

    I.    <u>Status Reports</u>

    Petitioner is advised that claims concerning the conditions of his confinement and violations of his constitutional rights are properly raised in a civil rights complaint filed pursuant to 42 U.S.C. § 1983, which provides a remedy for violations of civil rights by state actors. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973); 28 U.S.C. § 2254. Therefore, petitioner must bring any

1

claims related to the conditions of his confinement in a civil rights action after the inmate grievance process has been properly exhausted. These matters will not be addressed in the context of this case.

II. Amended Petition

By order filed April 13, 2016, the original petition was dismissed with leave to amend because petitioner appeared to be attempting to challenge more than one judgment of conviction in a single petition. ECF No. 10. Specifically, the original petition identified two distinct state court cases, Sacramento Superior Court Case Nos. 01F04127 and 10F01569, but identified only one date for the conviction. ECF No. 1 at 1. In dismissing the petition, the court specifically advised petitioner that any petition related to Case No. 01F01569 would be a second or successive petition and that he could not proceed on those claims until receiving permission from the Ninth Circuit. ECF No. 10 at 2-3. Petitioner was also advised that he was required to provide the state court exhaustion information for each judgment separately and that his claims must also be stated separately. <u>Id.</u> at 3. Petitioner proceeded to file several motions for extension, and in one of the motions clarified that he was in fact attempting to pursue relief for two separate judgments of conviction. ECF No. 16 at 1. At that time, petitioner was "cautioned that separate criminal convictions must in most cases be challenged in separate habeas corpus proceedings." ECF No. 17.

Petitioner has now filed a first amended petition, but has failed to follow the court's directions. Petitioner has failed to identify which conviction he is attempting to challenge and has simply directed the court to his original petition for the conviction and state court exhaustion information. ECF No. 25 at 1-3. Since the information provided related to petitioner's conviction and state court exhaustion was insufficient in his original petition, his reliance on it in the amended petition does nothing to cure the defects identified by the court.

Petitioner will be given one last chance to amend the petition. The amended petition must state which conviction petitioner is trying to challenge, Case No. 01F04127 or 10F01569. He must also complete the section of the petition relating to his exhaustion of state court remedies. Finally, if petitioner wants to challenge the conviction in Case No. 01F04127, which he already

2

tried to challenge in federal court in <u>Irving v. People of the State of California</u>, No. 2:05-cv-01621 LKK CMK, he must provide a copy of an order from the Ninth Circuit allowing this court to consider the claims or they will be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's amended application for writ of habeas corpus (ECF No. 25) is dismissed with leave to amend. Petitioner shall have thirty days from service of this order to file a second amended petition. The second amended petition must comply with the instructions outlined above.

2. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: June 12, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE