UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYDD D.J. IRVING,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DAVE DAVEY,<br><br>　　　　Respondent. | No. 2:15-cv-2037 AC P<br><br><br>ORDER |

　　　Petitioner, a state prisoner proceeding pro se, has filed a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 5.

　　　Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532

1. (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).

In the instant petition, petitioner challenges his 2002 convictions in Sacramento Superior Court Case No. 01F04127. ECF No. 38 at 1. The petition indicates (id. at 3), and the court's records confirm, that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence in Case No. 01F04127. The previous petition was filed on August 11, 2005, and was denied on the merits on August 8, 2008. Irving v. People of the State of California, E.D. Cal. No. 2:05-cv-01621 LKK CMK, ECF Nos. 1, 60, 67. This court takes judicial notice of the record in that proceeding. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

Petitioner has been advised on multiple occasions that if he is trying to challenge his conviction in Case No. 01F04127, then pursuant to 28 U.S.C. § 2244(b)(3) he must first move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application and provide evidence that such authorization has been granted. ECF No. 10 at 3; ECF No. 17 at 2; ECF No. 36 at 2-3. He was warned that failure to include evidence that he was authorized to proceed in this court would result in the petition being dismissed. ECF No. 10 at 3; ECF No. 36 at 2-3. Petitioner has not provided any evidence that he has sought and received the required authorization. This action will therefore be dismissed without prejudice to re-filing once petitioner receives authorization to proceed from the Ninth Circuit.

In accordance with the above, IT IS HEREBY ORDERED that this action is dismissed without prejudice for lack of jurisdiction.

DATED: July 19, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE